UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY ANN DONLEY and
BARBARA ANN GOWER,

        Plaintiffs,

                      CASE NO. 15-CV-13596
   v.                HONORABLE GEORGE CARAM STEEH

SETERUS, INC. and FEDERAL
NATIONAL MORTGAGE ASSOCIATION,

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS (Doc. 10)**

      This is a wrongful foreclosure action filed by plaintiffs Amy Ann Donley and Barbara Ann Gower ("plaintiffs") who defaulted on their mortgage loan relating to the real property commonly known as 22029 Avalon Street, St. Clair Shores, MI 48080 (the "Property"). At the time of the default, defendant Seterus, Inc. ("Seterus") was acting as servicer of the loan. As a result of plaintiffs' continuous defaults, defendant Federal National Mortgage Association ("Fannie Mae"), the mortgagee, initiated foreclosure proceedings and purchased the Property at the Sheriff's Sale. Plaintiffs claim they defaulted with the intention of modifying the terms of the mortgage. Plaintiffs filed this action on the same day that the redemption period expired. Currently before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

For the reasons stated below, the court GRANTS defendants' motion for judgment on the pleadings.

## STATEMENT OF FACTS

On February 25, 2003, plaintiff Barbara Ann Gower and George Gower obtained a loan in the amount of $86,500 (the "Loan") from Flagstar Bank, FSB (the "original lender") to purchase the Property, and they executed a promissory note ("Note") in furtherance of the debt. As security for the Note, they granted a mortgage against the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Original Lender and Original Lender's successor and assigns. The mortgage was recorded with the Macomb County Register of Deeds on March 19, 2003 in Liber 13113, Page 768. Plaintiff Amy Ann Donley became an additional owner pursuant to a Quit Claim Deed recorded on February 16, 2010 in Liber 20138. Subsequently, the mortgage was transferred to Defendant Fannie Mae.

Plaintiffs defaulted on the Loan after they failed to make continuous and timely payments pursuant to the Loan and mortgage. Plaintiffs claim they were instructed to not make any further payments until the Loan was at least 90 days delinquent so that they would be eligible for a loan modification. Plaintiffs ceased making payments on the Mortgage, and three months later, on or about September 20, 2011, plaintiffs were given a loan modification. Plaintiffs ceased to make payments again, and as a result of plaintiffs' defaults, defendants commenced foreclosure proceedings pursuant to the power-of-sale clause in the mortgage. On April 10, 2015, Fannie Mae purchased the Property at the Sheriff's Sale for the amount of the outstanding indebtedness,

$81,156.52. Plaintiffs failed to redeem the Property within the six month statutory period of redemption pursuant to M.C.L. § 600.3240, which expired on October 13, 2015.

Jurisdiction is based on federal question. Plaintiffs filed a thirteen count Complaint, alleging two federal claims for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and eleven supplemental state law claims. Because plaintiffs have failed to state a claim under the FDCPA or RICO, defendants are entitled to dismissal of the federal claims, and the court shall decline to exercise jurisdiction over the remaining supplemental state law claims.

## STANDARD OF LAW

Defendants bring this Motion pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings brought pursuant to Rule 12(c) is determined using the same standard that applies to a review of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006); *see* Fed. R. Civ. P. 12(h)(2)(B). Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. "'[N]aked assertions' devoid of 'further factual enhancement' are insufficient to 'state a claim to relief that is plausible on

-3-

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557, 570). To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). Even though the complaint need not contain "detailed" factual allegations, its "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.'" *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

**ANALYSIS**

**A. FDCPA Claim**

Plaintiffs' FDCPA claim is based on a statement that "Seterus misrepresented the character, amount and/or legal status of the purported debt, and not only threatened to, but did, take action it could not legally take." (Complaint, ¶ 111). But the FDCPA does not apply to Seterus because it is not a "debt collector" as defined by that Act. Under the FDCPA, "statutory liability is limited to debt collectors." *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 104 (6th Cir. 1996). The term "debt collector" is defined as "any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). But a party that obtains its interest in the loan before default is *not* considered a debt collector under FDCPA. 15 U.S.C § 1692a(6)(F)(iii). Courts have concluded that "a mortgage loan servicer is not a 'debt collector' under the FDCPA where the borrower was not in default at the time the servicer acquired its interest in the loans." *Thomas v. Mortg. Elec.*

*Registration Sys., Inc.*, No. 11-15670, 2012 WL 834688, at *7 (E.D. Mich. Mar. 13, 2012). Seterus is not a "debt collector" under the FDCPA because it began servicing the loan in 2010, which was years prior to the plaintiffs' default, thus their FDCPA claim shall be dismissed. Plaintiffs have not set forth any allegations as to Fannie Mae in their FDCPA claim; thus, that defendant is also entitled to dismissal on the FDCPA claim.

### B. RICO Claim

Plaintiffs also fail to state a claim for alleged RICO violations. Plaintiffs' RICO claim consists primarily of the following allegations:

> the actions and course of conduct of the Defendants consisted of fraudulent misrepresentations in documents recorded in public records, and through the mails and electronic transmission; with the intent to institute fraudulent foreclosure proceedings against the same intended class of victims, owners of real property, and with the same intended consequences, wrongfully foreclosing on real property and/or collecting unlawful debts, pursuant to a well-planned and orchestrated scheme to defraud which was executed on a national scale throughout the United States through the institution of fraudulent foreclosure actions and the regular and systematic violations of foreclosure laws.

(Complaint, ¶ 125). Plaintiffs attempt to state a claim under 18 U.S.C. § 1962(b). To state a claim under subsection 1962(b), a plaintiff must plead "facts tending to establish" that the defendants "(1) acquired or maintained, (2) through a 'pattern of racketeering activity' or the 'collection of an unlawful debt' (3) an interest in or control of an enterprise (4) engaged in, or the activities of which affect, interstate or foreign commerce." *Advocacy Org. for Patients & Prov. v. Auto Club Ins. Ass'n*, 176 F.3d 315, 321-22 (6th Cir. 1999). Plaintiffs have failed to state a claim for collection of an unlawful debt under RICO as the mortgage debt is not a gambling debt, nor is there any allegation that the

debt is unenforceable under state or federal usury laws. 18 U.S.C. § 1961(6). Thus, the only possible basis for plaintiffs' RICO claim under subsection 1962(b) is their allegation of racketeering. To constitute "racketeering" activity, the predicate offense must be ones "indictable under" a number of criminal statutes, which includes mail and wire fraud. 18 U.S.C. § 1961(1). In their response brief, plaintiffs claim that the predicate acts upon which their RICO claim is based are instances of alleged mail and wire fraud; however, that claim is insufficiently pled to survive a motion to dismiss.

When the predicate acts are based on fraud, Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement applies. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 356 n.4 (6th Cir. 2008). A complaint alleging a RICO claim must, at a minimum, state "the nature of the fraud [that] gives rise to the predicate offense." *Blount Fin. Servs., Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). To comply with the strictures of Rule 9(b), the plaintiff must allege "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks and citation omitted).

Here, the Complaint alleges that (1) an employee of Seterus informed Donley by letter that she had been overpaying the mortgage in 2011, and he would request an audit; (2) Seterus sent Donley a letter in February, 2013 stating how her payment had been applied to satisfy monthly payments, late fees, and legal fees incurred as a result of her Chapter 7 bankruptcy which was allegedly inaccurate; (3) Seterus sent Donley a letter in October, 2013 acknowledging that "information was not accurate;" (4) Seterus

instructed her to apply for a loan modification in November, 2013; (5) Seterus advised Donley that she was "not on the loan" in November, 2013; (6) Seterus sent Donley a letter that the prior services had "added [her] name to the loan," and (7) Seterus issued a reinstatement quote that allegedly was inaccurate in February, 2014. There are no allegations in the Complaint that defendant Fannie Mae made any misrepresentations; thus, dismissal of that defendant is required. Moreover, none of these allegations pled against defendant Seterus is sufficient to plead a claim of wire or mail fraud as required under RICO and Rule 9(b).

    Even where plaintiffs point to specific letters written by the Seterus, they have not demonstrated that those letters contained misrepresentations, that they were part of a fraudulent scheme, or that Seterus had fraudulent intent. In addition, plaintiffs do not dispute that they ceased making *any* payments on the loan after October, 2014, a full six months prior to the foreclosure. Thus, even taking as true plaintiffs' allegations that Seterus misled them by overstating the amount owing on the mortgage by misallocating certain funds to pay late fees and attorney fees, this is insufficient to establish fraud under Rule 9(b), as there is no link between the alleged misrepresentations and the injury alleged, namely, the foreclosure. In sum, plaintiffs' allegations do not support the existence of a scheme or artifice to defraud. Moreover, the allegations of the Complaint focus on a single scheme to allegedly defraud a single victim over a relatively short period of time, which the Sixth Circuit has held is insufficient to satisfy the requirement of continuity required under RICO. *Vemco, Inc.* v. *Camardella*, 23 F.3d 129, 135 (6th Cir. 1994). Accordingly, defendants are entitled to dismissal of the RICO claim.

## CONCLUSION

For the reasons above, defendants' motion for judgment on the pleadings (Doc. 10) is GRANTED and plaintiffs' FDCPA claim pled in Count X, and plaintiffs' RICO claim pled in Count XII, are DISMISSED.  Having dismissed all of the federal claims, this court declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c); *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).  The remaining state claims are dismissed without prejudice.

IT IS SO ORDERED.

Dated:  August 4, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 4, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---